Mr. George M. Cowden Chairman Public Utility Commission of Texas 7800 Shoal Creek Boulevard Suite 400N Austin, Texas 78757
Re: Ratemaking standards to be applied by Public Utility Commission in hearing appeals and fixing rates pursuant to section 26(e) of article 1446c, V.T.C.S.
Dear Mr. Cowden:
You have requested an opinion concerning the standards to be applied by the Public Utility Commission in hearing appeals from ratepayers of municipally owned utilities who reside outside the municipality's limits pursuant to section 26(e) of the Public Utility Regulatory Act, article 1446c, V.T.C.S. [hereinafter `the act']. Specifically, your question is:
 What standards or ratemaking provisions does the commission apply in hearing appeals de novo and fixing rates pursuant to section 26(e) of the act?
In Attorney General Opinion MW-406 (1981) we held that the ratemaking standards of article VI of the act do not apply to appeals pursuant to section 26(e), since all provisions of that article refer to `public utilities' or `utility,' from which municipal utilities are expressly excluded pursuant to the definition of such in section 3(c) of the act. However, subsequent to the issuance of Attorney General Opinion MW-406 (1981), the Austin Court of Appeals in Public Utility Commission of Texas v. City of Sherman, Docket No. 13,453, Tex. Civ. App.-Austin, December 23, 1981 (unreported), held that in certain circumstances the terms `public utility' and `utility' as used in the act do include municipally owned utilities, notwithstanding their definitional exclusion in section 3(c). Specifically, the court held that the term `utility' in section 17(e) and the term `public utility' in section 60 must be construed to include municipalities in order to effectuate the intent of the act to establish a comprehensive regulatory system. Similarly, the Supreme Court of Texas in City of Coahoma v. Public Utility Commission, 626 S.W.2d 488 (Tex. 1981), held that the term `public utility' in section 53 of the act must be construed to include municipally owned utilities, despite section 3(c). In San Antonio Independent School District v. City of San Antonio,614 S.W.2d 917 (Tex.Civ.App.-Eastland 1981, writ ref'd n.r.e.), the court held that the term `public utility' as used in section 48 of the act is not dependent upon section 3(c) for its definition and must include municipally owned utilities. It should be noted that section 48 is within article VI of the act.
The above three cases make it clear that where exclusion of municipally owned utilities from the terms `public utility' or `utility' would result in a contradiction in the act or in a regulatory system of less than a comprehensive nature, then the terms must include such municipalities. It is equally clear, as set forth in Attorney General Opinion MW-406 (1981), that the legislature intended the commission to have jurisdiction over appeals from ratepayers of a municipally owned utility who reside outside the municipality's boundaries, pursuant to section 26(e) of the act. Accordingly, it must be inferred that the legislature also intended that there be ratemaking standards for such appeals, in order that the commission's jurisdiction in this regard be complete. Since the only ratemaking standards of the act are set forth in article VI, we believe it logically follows that these standards were intended to apply to section 26(e) appeals, and that the terms `public utility' and `utility' in article VI were intended to include municipally owned utilities, where the commission properly has jurisdiction over such utilities. The only qualification to this concerns section 43 of article VI, which establishes the procedure for public utilities to file rate applications with the regulatory authority and certain procedures the regulatory authority must follow in hearing such applications. Clearly this section does not apply to appeals from municipally owned utilities, which are instead governed by section 26.
 SUMMARY
In hearing appeals pursuant to section 26 of article 1446c, V.T.C.S., from ratepayers who reside outside the municipal limits, the Public Utility Commission of Texas should apply the ratemaking standards contained in article VI, with the exception of section 43.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Phil Ricketts Assistant Attorney General